UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEYED ALI FAGHIH SABZEVARI,**<br><br>                              **Plaintiff,**<br><br>   v.<br><br>**ANTONY BLINKEN,**<br>Secretary of State, *et al.*,<br><br>                              **Defendants.** | Civil Action No. 21-2165 (TFH) |

## MEMORANDUM OPINION & ORDER

Plaintiff is an Iranian national who was selected in the United States' Diversity Immigrant Visa Program for Fiscal Year 2021. Diversity visas expire when the selection Fiscal Year ends on September 30. *See* 8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II).

On August 12, 2021, Plaintiff filed his Complaint alleging that Defendants had failed to timely adjudicate his diversity visa application and seeking an order from the Court requiring Defendants to "schedule and complete [his] diversity visa interview" and adjudicate his application "without further delay." Compl. at 12 [ECF No. 1]. Over a month later, on September 16, 2021, Plaintiff filed a Motion for Preliminary Injunction requesting that the Court order Defendants to "reserve a visa number" for him "through the pendency of litigation." Mot. for Prelim. Injunction at 2 [ECF No. 8]. Nine days later, on September 25, 2021, Plaintiff filed an "Emergency Motion for Expedited Briefing Schedule for Plaintiff's Motion for Preliminary Injunction" [ECF No. 10], and on September 27, 2021, Defendants filed a combined Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction [ECF No. 11].

Accordingly, the Court denied Plaintiff's Emergency Motion to Expedite Briefing Schedule as moot and set a hearing on Plaintiff's Motion for Preliminary Injunction for October 7, 2021 in accordance with the timeframe set forth in Local Civil Rule 65.1(d). Minute Order (Sept. 27, 2021). Based upon representations in the Complaint and in Plaintiff's Motion for Preliminary Injunction that the Court would not have the authority to afford the requested relief after the statutory deadline of September 30, 2021, the Court ordered the parties to file a notice no later than October 4, 2021 "stating their position as to whether the motion is moot and whether the Court should proceed with the [October 7] hearing." Minute Order (Oct. 1, 2021).

Plaintiff argued that the Court retained authority to award relief even after the September 30 statutory deadline because his case had been filed before the end of the Fiscal Year, *see* Notice [ECF No. 15], while Defendants maintained that Plaintiff's claims were moot because his eligibility for a diversity visa expired on September 30, *see* Notice [ECF No. 16]. Upon consideration of the parties' arguments and review of the relevant authorities, the Court concluded that Plaintiff's claims were moot and issued a minute order vacating the October 7 hearing. Minute Order (Oct. 5, 2021). The Court indicated that this written order was forthcoming.

Plaintiff relies on *Almaqrami v. Pompeo*, 933 F.3d 774 (D.C. Cir. 2019) in support of his position that his claims did not become moot at the end of the 2021 Fiscal Year, but *Almaqrami* does not go so far. In fact, the Circuit there specifically recognized that "[c]ourts are often asked to intervene in disputes over diversity visas, and the end of the selection FY does often render those cases moot." *Almaqrami*, 933 F.3d at 780. In addition, the posture of the dispute in *Almaqrami* is distinguishable from the case at bar. There, the plaintiffs filed their lawsuit prior to September 30 – as Plaintiff did here – but the district court granted *some* relief before the end of

the fiscal year by ordering the government "to reserve unused FY 2017 visa numbers so that, if it turned out that plaintiffs had erroneously been denied their diversity visas, the court could order the government to process visas [for plaintiffs] past the statutory deadline." *Id.* (citing *P.K.*, 302 F. Supp. 3d at 10-11). Here, the Court did not grant any relief before the end of the fiscal year, and the case became moot on October 1, 2021. *See id.* at 780 ("Sometimes a plaintiff files suit before the selection FY ends but the court fails to act on that request until after September 30, at which point the State Department lacks authority to issue a diversity visa sought in the prior fiscal year. Courts have likewise dismissed these cases as moot."); *see also Mwasaru v. Napolitano*, 619 F.3d 545, 550–51 (6th Cir. 2010) (concluding that the government lacked authority to issue plaintiff a diversity visa after midnight on September 30, explaining that "[a]ll circuits that have addressed this issue have read the plain language of 8 U.S.C. § 1154(a)(1)(I)(ii)(II) in the same way even in the wake of what may seem to be harsh results, such as when defendants failed to even process the applications of otherwise eligible diversity participants before the end of the fiscal year.") (citing *Mohamed v. Gonzales*, 436 F.3d 79, 81 (2d Cir. 2006); *Coraggioso v. Ashcroft*, 355 F.3d 730, 734 (3d Cir. 2004); *Carillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003)).

      Accordingly, the Court is compelled to conclude that Plaintiff's claims are moot, and the case is therefore dismissed.

      **SO ORDERED.**

October 27, 2021

                                                                          Thomas F. Hogan
                                                                         SENIOR UNITED STATES DISTRICT JUDGE